UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

JCJ ARCHITECTURE, PC

v.

LARRY EDMONDSON ASSOCIATES,
INC., DONNA EDMONDSON,
EDMONDSON REED & ASSOCIATES,
INC.

3: 20 CV 1006 (RNC)

DATE: JUNE 28, 2021

---

### RULING ON THE PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS (DOC. NO. 42)

I. **BACKGROUND**

The plaintiff, JCJ Architecture, PC, brought this breach of contract claim against the defendants, Larry Edmondson Associates, Inc., Edmondson Reed & Associates, Inc., and Donna Edmondson, alleging that the defendants breached their contract by failing to pay the balance of $166,380 owed to the plaintiff for services rendered arising out of a construction project (the Grove Project). (Doc. No. 1 at 3-7).

On March 30, 2021, the plaintiff filed a Motion to Compel and for Sanctions seeking an order compelling the defendants to respond to its discovery requests dated November 18, 2020. (*See* Doc. No. 42-1).[1] On April 2, 2021, the Court (Chatigny, J), referred the plaintiff's motion to the undersigned. (Doc. No. 44). On April 5, 2021, the Court scheduled a Discovery Hearing on the plaintiff's Motion for April 9, 2021. (Doc. No. 45). The Court also ordered the defendants to file a memorandum addressing the discovery dispute by April 8, 2021. (Doc. No. 46). On April 8, the

---

[1] In addition to an order compelling discovery compliance, the plaintiff also requested that the Court schedule a hearing on whether sanctions should be imposed in light of the defendants' repeated delays of the discovery process. (Doc. No. 42-1 at 15).

defendants filed a Memorandum in Opposition to the plaintiff's Motion to Compel (Doc. No. 48) in accordance with the Court's Order.

On April 9, 2021, following the hearing, the Court entered an Order granting in part and deferring in part the plaintiff's Motion to Compel and for Sanctions. (Doc. No. 50). In its Order, the Court granted the plaintiff's Motion to Compel and ordered the defendants to produce the documents that the plaintiff requested by April 30, 2021. (*Id.*) The Court then scheduled a Discovery Hearing for May 7, 2021 and deferred the plaintiff's sanctions motion until that date in order to evaluate whether sanctions would be appropriate in the event that the defendants failed to make the required disclosures by April 30. (*Id.*). Additionally, the Court, addressing an issue raised by the defendants regarding scheduling, stated that it would not modify its January 4, 2021 scheduling order (Doc. No. 26) or its Standing Protective Order (Doc. No. 6). (*Id.*).

On May 4, 2021, the defendants' counsel, Stephen J. Curley, filed a Motion to Withdraw as Attorney. (Doc. No. 52). In his Motion, Attorney Curley alleged that there was good cause to support his withdrawal, namely, a breakdown in the attorney-client relationship due to the defendants' refusal to follow his advice regarding their discovery obligations. (*Id.* at 1-2). Attorney Curley alleged further that the defendants were in arrears as to their financial obligations to him and owed approximately $17,938.75 in attorney's fees. (*Id.* at 1). On that same day, the Court (Chatigny, J) referred Attorney Curley's Motion to Withdraw to the undersigned.[2] (Doc. No. 53). On May 6, 2021, the plaintiff filed a Memorandum in Opposition to Attorney Curley's Motion to Withdraw, asserting that his withdrawal would prejudice it by adding further delay to the production of necessary discovery. (Doc. No. 55 at 2).

---

[2] The Court will issue a separate ruling on Attorney Curley's Motion to Withdraw.

On May 6, 2021, the plaintiff filed a Supplemental Memorandum in Support of its Motion to Compel and for Sanctions. (Doc. No. 54). In its memorandum, the plaintiff indicated that it had received correspondence from Deborah Reed, an out-of-state attorney associated with the defendants,[3] purporting to provide responses to its interrogatories. (Doc. No. 54 at 2). Notwithstanding Attorney Reed's production—which the plaintiff maintains was incomplete and deficient—the plaintiff asserted that the defendants had failed to satisfy its discovery obligations and, consequently, remained in noncompliance with the Court's April 9, 2021 Order. (*Id.* at 2-3). The plaintiff also noted that Attorney Curley had not reviewed, nor was he aware of, any productions sent by Attorney Reed on behalf of the defendants. (*Id.* at 3). In light of the defendants' discovery delinquency, the plaintiff renewed its request for sanctions. (*Id.* at 4).

Following the May 7, 2021 Discovery Hearing, the Court issued an Order taking under advisement Attorney Curley's Motion to Withdraw as Attorney. (Doc. No. 57). In its Order, the Court described in detail the documents that the defendants were instructed to produce in its April 9, 2021 Order. (*Id.*). Having reviewed Attorney Reed's production, the Court determined that the defendants failed to satisfy their discovery obligations and remained in noncompliance with its Order. (Doc. No. 57). The Court ordered the defendants to submit to the plaintiff the productions it had requested previously by May 11, 2021. (*Id.*). The Court added, "If the defendants fail to make the required disclosures in their entirety on or before May 11, 2021, the plaintiff's counsel will have until May 18, 2021 to submit a supplemental memorandum and an affidavit detailing its costs and fees and whatever relief it requests in connection with its Motion for Sanctions (Doc. No. 42), which remains pending before the Court." (Doc. No. 57).

---

[3] Attorney Reed has not yet filed an appearance on behalf of the defendants in this case.

On May 18, 2021, the plaintiff filed a Supplemental Memorandum on its Motion to Compel and for Sanctions, asserting that the defendants' discovery responses remained deficient. (Doc. No. 58 at 3). In accordance with the Court's May 7, 2021 Order, the plaintiff calculated that it incurred $24,497.50 of attorney's fees in litigating the underlying discovery dispute, and included an affidavit detailing its costs. (Doc. No. 58 at 11-26). On May 25, 2021, the defendants filed a memorandum in response, contending that they had produced supplemental discovery responses that effectively cured the deficiencies that the plaintiff raised in its May 18 filing. (Doc. No. 59 at 1). In addition, the defendants challenged the reasonableness of the plaintiff's requested fee amount of $24,497.50. (*Id.* at 2). Specifically, the defendants asserted that the plaintiff's time expenditures were "excessive when compared to the tasks themselves." (*Id.*). The defendants noted further that the early stage of this litigation is such that the plaintiff has faced minimal prejudice from this discovery dispute and, instead has used it "to drive up the expense of this litigation in both time and money." (*Id.*). Thus, the defendants maintain that the Court should deny the plaintiff's sanctions motion. (*Id.*).

On May 26, 2021, the plaintiff filed a Notice regarding the defendants' compliance with the Court's May 7, 2021 Order. (Doc. No. 60). In its Notice, the plaintiff indicated that the defendants' May 25 production "went only a small part of the way toward curing the deficiencies in Defendants' discovery responses." (*Id.* at 2). The plaintiff indicated further that the defendants' failure to comply fully with their discovery obligations has, in fact, prejudiced it and, accordingly, the relief it requested in its May 18, 2021 Supplemental Memorandum is appropriate. (*Id.* at 3).

The same day, in addition to its Notice to the Court, the plaintiff filed a Motion for Leave to file additional briefing as to its Motion to Compel and for Sanctions. (Doc. No. 61). On May 27, 2021, the Court granted the plaintiff's Motion, and on May 29, 2021, the plaintiff filed a

Supplemental Brief on its Motion to Compel and for Sanctions. (Doc. Nos. 62 and 63). In its Supplemental Brief, the plaintiff maintains that the defendants have (1) not cured the deficiencies in their discovery responses; (2) failed to establish that the plaintiff is not entitled to sanctions; and (3) not established that the amount of sanctions requested is unreasonable. (Doc. No. 63 at 1-4).

For the reasons stated below, the defendant's Motion to Compel and for Sanctions (Doc. No. 42) is GRANTED.

II. MOTION TO COMPEL

To the extent that the parties disagree as to when, if at all, the defendants satisfied their discovery obligations, the Court must first address whether the defendants' May 25, 2021 supplemental responses cured the defects raised by the plaintiff in accordance with the Court's April 9, 2021 and May 7, 2021 Orders. Notably, in its May 7, 2021 Order, the Court stated that "the defendants' full production of the discovery at issue on or before May 11, 2021 does not preclude the plaintiff from seeking sanctions in light of the costs and fees it incurred in litigating the subject discovery dispute and in light of the defendants' failure to comply with the Court's April 9, 2021 Order." (Doc. No. 57). Accordingly, a determination as to when, if ever, the defendants satisfied their discovery obligations is a threshold matter in determining the reasonableness and amount of a sanctions award.

A. LEGAL STANDARD

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). When a party or deponent "fails to answer a question [or] produce documents . . . as requested," Federal Rule of Civil Procedure 37 permits "[the] party seeking discovery . . . [to] move for an order compelling an answer [or]. . . production[.]" FED. R. CIV. P. 37(a)(3)(B).

"Under FED. R. CIV. P. 37(b)(2)(A), '[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under . . . 37(a), the court where the action is pending may issue further just orders.' It is left 'to the district court to determine which sanction from among the available range is appropriate.'" *Bratu v. Omni Hotels Mgmt. Corp.*, No. 3:19-CV-00530 (KAD), 2019 WL 6700186, at *1 (D. Conn. Dec. 9, 2019) (quoting *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989)).

B.   DISCUSSION

As stated explicitly in the Court's May 7, 2021 Order, the defendants were required to provide complete responses to the discovery requests that the plaintiff served on November 19, 2020, which necessarily included:

> (1) full answers and responses from Donna Edmondson to all of the plaintiff's interrogatories and requests for production to her encompassing all information or documents in her possession, without withholding any information or documents based on the claim that she does not possess such information or documents in her personal capacity; (2) full answers from Larry Edmondson Associates, Inc. and Edmondson Reed & Associates, Inc. to all of the plaintiff's interrogatories to them, including, among other things, answers to Interrogatories 3, 4, 10, 11, 15, and 20, and identification of responsive documents where requested; (3) full responses from Larry Edmondson Associates, Inc. and Edmondson Reed & Associates, Inc. to all of the plaintiff's requests for production to them; and (4) a complete set of Initial Disclosures that comply with Federal Rule of Civil Procedure 26(a) in all respects, including, either providing the required documents or electronically stored information, or describing them by category and location.

(Doc. Nos. 57 and 42 at 2). In its May 6, 2021 Supplemental Memorandum, the plaintiff's counsel, by way of sworn affidavit, articulated the full extent to which the defendants' discovery responses were deficient and incomplete. Specifically, the plaintiff noted that, in its 20 interrogatories addressed to Donna Edmondson, the defendant responded that "she possessed no responsive information in her personal capacity" to all but one. (Doc. No. 54-1 at 3). In its Interrogatory Nos.

3, 4, 15, and 20 addressed to each of the defendants, the plaintiff contended that the defendants failed to identify sufficiently the documents sought. (*Id.*, at 3-4).

The Court agrees that Attorney Reed's discovery responses on behalf of the defendants are woefully deficient and fail to comply with both the District of Connecticut's Local Rules of Civil Procedure Rule 26(e) and the Court's Orders. To the extent that many of the responses consist of spreadsheets with little identifiable information (*See* Doc No. 54-1 at 9-12), the defendants have failed to provide sufficient information about "(i) [the] type of document or electronically stored information; (ii) its general subject matter; (iii) the date of the document or electronically stored information; and (iv) author(s), addressee(s) and recipients(s)." D. Conn. L. Civ. R. 26(e). Furthermore, to the extent that the Court ordered that the defendants make disclosures responsive to the plaintiff's November 19, 2020 discovery requests, the defendants fell well short of compliance by representing that they did not possess responsive information in their personal capacities.

On May 11, 2021, the plaintiff received supplemental discovery responses, this time from Attorney Curley, which contain many of the same defects as their April 30 disclosures. Notably, the plaintiff's Interrogatory Nos. 6, 7, 8, and 9 ask for the factual bases for the defendants' compensation calculations. (Doc. No. 58 at 32-33). In its responses to Interrogatory Nos. 6, 7, and 8, the defendants refer the plaintiff back to their response at Interrogatory No. 2, which does provide various calculations, but includes no factual background or evidentiary support for how they made those calculations. More specifically, in Interrogatory No. 8, the plaintiff asks for the defendants' factual basis for their contention that the plaintiff is owed $87,500 for the "Façade Improvement Project." (Doc. No. 58 at 33). The defendants, referring back to Interrogatory No. 2, state that the plaintiff "failed to complete the work it agreed to do. At most, [the plaintiff]

completed one-half of the work and should only be paid for work performed ($175,000 x 50%), or $87,500. (*Id.*, at 31). Although the defendants provide the calculation in reaching that figure, they offer no factual basis as to how they concluded that the plaintiff only performed half of its work, nor did they identify any supporting documents. To the extent that documents regarding the plaintiff's performance exist, the plaintiff is entitled to them, as contract performance is the nexus of the parties' dispute.

As to the plaintiff's Requests for Production, the defendants maintain that they will produce many of the documents sought "at a mutually convenient time [and] place upon the execution of a Confidentiality Agreement or the entry of a Protective Order." (*Id*. at 68-70). These responses to the plaintiff's Requests for Production are wholly inadequate, particularly in light of the fact that the Court, when this issue was raised during the April 9, 2021 Discovery Hearing, established that "there is no justification for modifying the Standing Protective Order." (Doc. No. 50).

The plaintiff maintains that much of the same is true of the defendants' May 25, 2021 supplemental responses. (Doc. No. 60 at 2-3). Specifically, the plaintiff notes that the defendants again have failed to provide a factual bases for many of its assertions regarding the plaintiff's performance and have neglected to produce any documentary evidence in support thereof. (*Id.*).

The Court agrees that the defendants remain in noncompliance with their discovery obligations and, by extension, with the Court's April 9, 2021 and May 7, 2021 Orders.

III.    MOTION FOR SANCTIONS

    A.    LEGAL STANDARD

"Where a party has failed to provide discovery, Rule 37 [of the Federal Rules of Civil Procedure] authorizes the court both to impose sanctions on the disobedient party and to require

that party, or its attorney, to pay the expenses and attorney's fees which the opposing party incurred in litigating its motion under Rule 37." *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 343 (D. Conn. 1981).

"While a showing of willful disobedience or gross negligence is required to impose a harsher sanction, a finding of willfulness or contumacious conduct is not necessary to support sanctions which are less severe than dismissal or entry of a default judgment." *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 179 F.R.D. 77, 80 (D. Conn. 1998).

B.  DISCUSSION

In its May 18, 2021 Supplemental Memorandum, the plaintiff contended that it had incurred $24,497.50 in attorney's fees in litigating this discovery dispute. (Doc. No. 58 at 11). In accordance with the Court's April 9 Order, the plaintiff included a sworn affidavit and several spreadsheets in support of its fee computation. (*Id.* at 15-26). The plaintiff maintains that Attorney Brian Donnell expended 19.7 hours at a rate of $325 per hour and Michael G. Caldwell expended 65.8 hours at a rate of $275 per hour in litigating this matter. (Doc. No. 58 at 11, 17). In response, the defendants argue that the plaintiff's time expenditures are excessive and amount to an unnecessary inflation of fees. (Doc. No. 59 at 2). The defendants did not provide any alternate basis for calculating a sanctions award and, instead, maintain that the plaintiff's sanctions motion should be denied. (*Id.*).

"The district court retains discretion to determine . . . what constitutes a reasonable fee. . . . However, this discretion is not unfettered . . . the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Benjamin v. Oxford Health Ins. Inc.*, 355 F. Supp. 3d 131, 136 (D. Conn. 2019) (citations omitted).

"Both our Circuit Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Parris v. Pappas*, 844 F. Supp. 2d 262, 265 (D. Conn. 2012) (citation omitted) (internal quotation marks omitted).

The Court finds that an award of attorney's fees in connection with this motion is appropriate. *See* FED. R. CIV. P. 37(a)(5) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). To the extent that the defendants' challenge the plaintiff's time expenditure towards the litigation of this matter, the Court further finds the amount of $24,497.50 is reasonable.

"Counsel seeking fees are not required to record in great detail how each minute of [their] time was expended . . . they are obliged to keep and present records from which the court may determine the nature of the work done, [and] the need for and the amount of time reasonably required." *Serricchio v. Wachovia Sec., LLC*, 706 F. Supp. 2d 237, 262 (D. Conn. 2010) (citations and internal quotation marks omitted).

"In calculating the number of reasonable hours, the district court looks to its own familiarity and experience with the case . . . . District courts must exclude hours that were not reasonably expended . . . or were excessive, redundant, or otherwise unnecessary." *Evans v. State of Conn.*, 967 F. Supp. 673, 693 (D. Conn. 1997) (citations and internal quotations marks omitted).

The plaintiff's counsel provided the Court with a detailed accounting of their hours expended towards the litigation of this matter and ample information to support their representation of the costs incurred. Since being referred to the undersigned, the plaintiffs have participated in two discovery hearings and drafted four memoranda in connection with this discovery dispute.

(*See* Doc Nos. 54, 58, 60, 63). When considered along with the plaintiff's initial Motion to Compel and its numerous correspondence with the defendants, who, for the most part, have been uncooperative through the pendency of this action, the Court is persuaded as to the reasonableness of the sanctions award.

Accordingly, the Court grants the plaintiff's Motion to Compel and for Sanctions in the amount of $24,975.50 and hereby orders the defendants to pay that amount by September 3, 2021. Additionally, in light of the defendants' continued noncompliance with their discovery obligations, the Court orders the defendants to comply fully with the plaintiff's discovery requests by July 23, 2021 or risk the Court's imposition of additional sanctions.

IV. <u>CONCLUSION</u>

Accordingly, this Court concludes that the plaintiff's Motion to Compel and for Sanctions (Doc. No. 42) is GRANTED.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 28th day of June, 2021.

                                          /s/ Robert M. Spector
                                          Robert M. Spector
                                          United States Magistrate Judge