```
              UNITED STATE DISTRICT COURT
                DISTRICT OF CONNECTICUT

JCJ Architecture, PC,              :
                                   :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :   Case No. 3:20-cv-1006(RNC)
                                   :
Larry Edmondson Associates,        :
Inc., et al.,                      :
                                   :
     Defendants.                   :
```

RULING AND ORDER

Defendant Donna Edmondson's motion for summary judgment is granted in part and denied in part as set forth below.

I.

Plaintiff JCJ Architecture, PC ("JCJ") is an architecture firm based in Connecticut. Defendants ("the Edmondson entities"), which include Larry Edmondson Associates, Inc. ("LEA") and Edmondson Reed and Associates, Inc. ("ERA"), are based in Oklahoma. Ms. Edmondson is a citizen of Oklahoma.

JCJ worked with the Edmondson entities to design three casino projects for the Cherokee Nation in Oklahoma: the "Grove Project," the "Casino 4 Project," and the "Façade Improvement Project." Ms. Edmondson was a shareholder, director, and officer of both LEA and ERA.

1

JCJ submitted invoices to the Edmondson entities for services rendered in connection with the three projects in the total amount of $1,547,873.30.  JCJ brought this action against the Edmondson entities and Ms. Edmondson to recover the unpaid balance of approximately $350,000, asserting claims against all the defendants under Connecticut law for breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and unjust enrichment.

After the action was filed, the claims arising from the Casino 4 project were submitted to arbitration, and JCJ obtained an award against the Edmundson entities.  JCJ continues to seek the balance owed for the remaining two projects against the Edmondson entities and Ms. Edmondson.

II.

Ms. Edmondson has moved for summary judgment on all the claims.  She contends that the court lacks personal jurisdiction over the claims against her, JCJ is trying to hold her personally liable for corporate debts without piercing the corporate veil, and the claims for negligent misrepresentation and unjust enrichment should be dismissed as a matter of law.  In response, JCJ has conceded that, because it did not enter into a contract with her, she cannot be held liable on the contract-based claims.  Accordingly, Ms. Edmondson's motion for summary judgment is granted as to the claims for breach of

contract and breach of the covenant of good faith and fair dealing, and those claims will be dismissed as against her.

JCJ opposes the motion for summary judgment as to the remaining claims for negligent misrepresentation and unjust enrichment. It contends that Ms. Edmundson may be held liable for negligent misrepresentation because she induced it to continue to render services on projects by falsely representing that it would be paid in full. It contends that she is liable for unjust enrichment because a sum of money that LEA was supposed to transfer to JCJ was seized by LEA's bank in satisfaction of a debt she personally guaranteed. I agree that these claims are adequately pleaded and supported to survive the motion for summary judgment.

III.

A.

At the outset of the case, Ms. Edmondson filed a motion to dismiss the claims against her for lack of personal jurisdiction. The motion was denied without prejudice to refiling following completion of arbitration on the Casino 4 Project. See ECF No. 86. The case was then stayed pending the outcome of the arbitration. On August 5, 2022, the stay was lifted. See ECF No. 102. However, the motion to dismiss was not reinstated.

JCJ contends that Ms. Edmonson has forfeited her objection to personal jurisdiction by engaging in substantial pretrial activity since the stay was lifted without renewing the objection. Personal jurisdiction can "be purposely waived or inadvertently forfeited." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011). To preserve an objection to personal jurisdiction, a party must object in a Rule 12 motion or responsive pleading. Fed. R. Civ. P. 12(h)(1). A party who raises a timely objection may forfeit it by engaging in substantial pretrial activity. See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60-61 (2d Cir. 1999).[1] Courts consider "all of the relevant circumstances" to determine whether a defendant has forfeited an objection to personal jurisdiction. The applicable test is whether the defendant has "participat[ed] in extensive pretrial proceedings." Hamilton, 197 F.3d at 59-60; see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004) ("[A party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case

---

[1] See also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133-134 (2d Cir. 2011) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704-05 (1982)) ("A court will obtain, through implied consent, personal jurisdiction over a defendant if 'the actions of the defendant during the litigation . . . amount to a legal submission to the jurisdiction of the court, whether voluntary or not.'") (alterations omitted).

4

even though the literal requirements of Rule 12(h)(1) have been met.").

I agree with JCJ that Ms. Edmondson has forfeited her objection. After the stay was lifted, the parties submitted a January 2023 status report requesting a settlement conference. A conference was then conducted by Magistrate Judge Richardson. The parties engaged in additional settlement conferences in April and May 2023. In June 2023, Ms. Edmondson opposed JCJ's motion for entry of partial final judgment under Rule 54(b), and filed a motion of her own asking the court to enforce a purported settlement agreement reached by the parties. See ECF Nos. 114, 115. She then filed a motion to reopen discovery. See ECF No. 122. Following oral argument, the motion was denied by Magistrate Judge Spector. ECF No. 135. Ms. Edmondson's motion to enforce a purported settlement agreement was also denied. ECF No. 148. In December 2023, Ms. Edmonson filed the present motion. ECF No. 139.

In short, Ms. Edmondson failed to reinstate the motion to dismiss following the lifting of the stay, as she was expected to do if she wanted to preserve her objection, and instead engaged in pretrial activity spanning approximately 16 months. She thereby manifested an intention to litigate the case to its conclusion in Connecticut. Ms. Edmondson joined in a request for a settlement conference with Judge Richardson, attended the

conference, and engaged in settlement discussions.  If she engaged in no other activities, the forfeiture issue would present a closer question.  But she also filed contested motions for affirmative relief that required oral arguments and rulings while providing no indication that she intended to reassert her objection to personal jurisdiction.  In these circumstances, the objection has been forfeited.  See Hamilton, 197 F.3d at 59-60; Roberts v. Bennaceur, No. 3:12-CV-01222 (JAM), 2015 WL 1471889, at *9-10 (D. Conn. Mar. 31, 2015), aff'd, 658 Fed. Appx. 611 (2d Cir. 2016).[2]

B.

Prevailing on a negligent misrepresentation claim requires proof that (1) the defendant made a misrepresentation of fact, (2) which the defendant knew or should have known was untrue, and that (3) the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result. See Drena v. Bank of Am., N.A., No. 3:15-cv-176 (VAB) 2017 WL 6614094, at *14 (D. Conn. Dec. 27, 2017).

Ms. Edmondson argues that summary judgment should be granted on JCJ's negligent misrepresentation claim against her because (1) the allegations of the complaint do not provide the

---

[2] As discussed during oral argument, the objection is ill-founded in any event in light of JCJ's allegations that Ms. Edmondson made misrepresentations to JCJ while visiting its offices in Connecticut.

6

specificity required by Rule 9(b), (2) the economic loss rule bars the claim, and (3) the claim is not predicated on statements of fact. JCJ responds that none of these grounds is sufficient to entitle Ms. Edmondson to summary judgment. I agree.

Under Rule 9(b), a party "alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Ms. Edmondson argues correctly that the complaint does not meet these requirements. JCJ responds that Rule 9(b) does not apply.

District court decisions differ on whether Rule 9(b) applies to negligent misrepresentation claims. See, e.g., McCullough v. World Wrestling Entm't, Inc., 172 F. Supp. 3d 528, 561 (D. Conn. 2016) (Rule 9(b) applies); IM Partners v. Debit Direct Ltd., 394 F. Supp. 2d 503, 521 n.12 (D. Conn. 2005) (Rule 9(b) does not apply). In my opinion, the heightened pleading burden imposed by Rule 9(b) is not warranted for claims of negligent misrepresentation. See Shetucket Plumbing Supply Inc. v. S.C.S. Agency, Inc., No. 3:05-CV-424 (RNC), 2006 WL 544513,

7

at *2 (D. Conn. Mar. 3, 2006) (citing Eternity Glob. Master Fund Ltd. V. Morgan Guar. Trust Co., 375 F.3d 168, 188 (2d Cir. 2004)); see also ARMOUR Capital Management LP v. SS&C Technologies, Inc., 17-cv-790 (JAM) 2018 WL 1368908, at *6 (D. Conn. Mar. 16, 2018) (citing Kimball Dean Parker, Comment, A Historical Approach to Negligent Misrepresentation and Federal Rule of Civil Procedure 9(b), 80 U. Chi. L. Rev. 1461 (2013)). Ms. Edmonson does not contend that the complaint fails to adequately allege a claim for negligent misrepresentation under the generally applicable plausibility standard. See Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In Connecticut, the economic loss doctrine bars negligent misrepresentation claims for "commercial losses arising out of the defective performance of contracts." Flagg Energy Dev. Corp. v. Gen. Motors Corp., 244 Conn. 126, 153 (1998). Here, JCJ had no contractual relationship with Ms. Edmondson personally. Moreover, under Connecticut law, a plaintiff that does have a contractual relationship with the defendant may bring a negligent misrepresentation claim "when the negligent misrepresentation induced the plaintiff to enter into a contract." Ulbrich v. Groth, 310 Conn. 375, 406 (2013). Here, JCJ submits that Ms. Edmondson "recklessly induced [it} to

8

continue working with her on numerous projects by assuring it of payment for its work." ECF 149 at 2.

Ms. Edmondson's argument that misrepresentations concerning future payment are insufficiently factual in nature to support a negligence claim is also unavailing. The gravamen of Ms. Edmondson's alleged negligence is that she made unconditional representations that JCJ would be paid for its work although she knew or should have known JCJ would not be paid. This is sufficient to support a claim. See D'Ulisse-Cupo v. Bd. Of Directors of Notre Dame High School, 202 Conn. 206, 218 (1987).

In Connecticut, a claim for unjust enrichment requires a showing that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay plaintiff for those benefits, and (3) the failure of payment was to the plaintiff's detriment. Vertex, Inc. v. City of Waterbury, 278 Conn. 557, 573 (2006). Ms. Edmondson contends that JCJ's claim fails because she had no control over the funds that were supposed to be delivered to JCJ but instead were used to pay the debt she personally guaranteed. The record concerning this claim is not sufficiently developed to support a ruling that Ms. Edmondson is entitled to judgment as a matter of law.

## IV.

Accordingly, the motion for summary judgment is hereby granted on the claims against Ms. Edmondson for breach of

contract and breach of the covenant of good faith and fair dealing and is denied as to the other claims against her.

So ordered this 23rd day of September 2024.

/RNC/
Robert N. Chatigny
United States District Judge
